```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

RALSTON E. SAMUELS,            :
                               :
    Plaintiff,                 :
                               :        PRISONER
v.                             :        NO. 3:07-CV-411(RNC)
                               :
ROBERT JINKS, ET AL.,          :
                               :
    Defendants.                :

## SECTION 1915A RULING AND ORDER

Plaintiff, incarcerated and pro se, has filed a complaint under 42 U.S.C. § 1983 alleging violation of his federal rights by state employees.

Under 28 U.S.C. § 1915A, the Court must review prisoner complaints against governmental actors "as soon as practicable after docketing," and dismiss any portion of the complaint that "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." Id.

On May 17, 2007, the Court held a videoconference with plaintiff to aid in its review of the complaint under section 1915A. See Spears v. McCotter, 766 F.2d 179, 180-81 (5th Cir. 1985) (authorizing hearings in prisoner civil cases to clarify the factual and legal bases for the prisoner's claims). Plaintiff having clarified the bases for his complaint at the conference, the Court now issues the following ruling and order:

## FACTS AS ALLEGED

1. On May 23, 2006, plaintiff partially covered the window in his cell door while using the toilet.

2. Plaintiff covered the window pursuant to an informal policy at the prison, which required inmates to cover the windows in their cell doors while using the toilet.[1]

3. The above informal policy was developed due to complaints involving a female correctional officer who had a history of issuing disciplinary reports against inmates who used the toilet without first covering their windows. The inmates were typically charged with indecent exposure.

4. Jinks ordered plaintiff to remove the window covering. Plaintiff responded that he was using the toilet. Jinks entered the cell and plaintiff asked Jinks to leave. Jinks refused. When plaintiff stood up and turned around to pull up his pants, Jinks approached him and stood close enough that Jinks's clothed crotch area touched plaintiff's bare buttocks. Plaintiff used profanity toward Jinks. Plaintiff was taken to segregation and issued a disciplinary report for flagrant disobedience.

5. Plaintiff requested that the Department of Corrections and State Police investigate the incident, and wrote letters to Warden Martin and Commissioner Lantz, but nothing was done.

---

[1] Plaintiff alleged ¶¶ 2-3 during the § 1915A hearing.

6.  On June 8, 2006, a disciplinary hearing was held on the charge of flagrant disobedience. The hearing officer was defendant Soto. Plaintiff's advocate was not present and plaintiff was not permitted to speak or present witnesses.

7.  Plaintiff was found guilty and sanctioned with fifteen days punitive segregation, fifteen days confined to quarters, and thirty days loss of telephone privileges. Some of these sanctions were added at a later date without any explanation or hearing.

8.  The disciplinary hearing officer's finding was upheld on appeal by defendant Strange.

9.  On July 17, 2006, plaintiff spoke to State Trooper Doe. The trooper told plaintiff he would not investigate the incident. He stated that, because plaintiff had no right to privacy in his cell, plaintiff was at fault and responsible for all subsequent actions. The trooper told plaintiff he could arrange to have him transferred to another facility.

10. Plaintiff was transferred to MacDougal-Walker CI the following day.

11. Plaintiff was bothered by the incident and requested mental health treatment on several occasions.

12. Plaintiff was not seen promptly after submitting a request; sometimes he was not seen at all. Cyr responded to one of

plaintiff's requests for mental health treatment.

13. Plaintiff thought Cyr treated him cursorily, and decided to report the incident to her supervisors. He then engaged Cyr in conversation complaining about the lack of treatment. When Cyr walked away from plaintiff, he yelled at her and used profanity. Cyr issued plaintiff a disciplinary report for using insulting language.

14. Sterling presided over the disciplinary hearing. He found plaintiff guilty and would not excuse the behavior as part of plaintiff's mental illness. Plaintiff was sanctioned with fifteen days confined to quarters.

15. Choinski affirmed the disciplinary finding on appeal.

16. On December 26, 2006, plaintiff was threatened by Lieutenant Pare with segregation in retaliation for plaintiff's complaints, and was denied recreation privileges that day. Plaintiff states he has routinely been denied access to his medical records and that prison officials continue to harass and provoke him.

## SECTION 1915A ANALYSIS

Under the Federal Rules of Civil Procedure and Second Circuit precedent, a pro se complaint adequately pleads a claim for relief if the plaintiff's factual allegations, liberally construed, could "conceivably give rise to a viable claim." Phillips v. Girdich, 408 F.3d 124, 130 (2d Cir. 2005). The Court must assume the truth of

the allegations, and interpret them liberally to raise the strongest arguments they suggest. Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Dismissal is appropriate only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. (internal quotation marks omitted).

Plaintiff's allegations raise the following claims: 1) Excessive force and refusal to investigate in connection with a sexual assault on plaintiff; 2) Violation of plaintiff's right to bodily privacy under the Fourth Amendment; 3) Intentional discrimination in refusing to investigate plaintiff's allegations of sexual assault; 4) Denial of due process in both disciplinary hearings; 5) Retaliation for complaining of sexual assault; and 6) Deliberate indifference to plaintiff's serious mental health needs.

I. Excessive Force and Refusal to Investigate.

Plaintiff alleges Jinks maliciously and sadistically used excessive force by touching his clothed crotch to plaintiff's bare buttocks. Plaintiff alleges Captain Baker, Warden Martin, and Commissioner Lantz repeatedly refused to investigate plaintiff's allegations despite plaintiff's filing grievances and writing letters to Martin and Lantz.

Plaintiff has alleged sufficient facts to state a claim under the Eighth Amendment for use of excessive force against Jinks. Plaintiff's allegations against Captain Baker, Warden Martin, and

5

Commissioner Lantz are sufficient to establish supervisory liability under § 1983 for violation of plaintiff's Eighth Amendment rights.[2]

## II. Violation of the Right to Bodily Privacy

Plaintiff alleges he has a constitutional right to bodily privacy, such that prison officials must permit plaintiff to partially cover the window in his cell door while using the toilet.

Plaintiff's allegations are sufficient to state a Fourth Amendment claim for violation of the right to bodily privacy against Commissioner Lantz.

## III. Intentional Discrimination

Plaintiff alleges Captain Baker, Warden Martin, Commissioner Lantz and Trooper Doe intentionally discriminated against plaintiff by refusing to investigate plaintiff's allegations. Plaintiff's allegations are sufficient to state a Fourteenth Amendment claim against Baker, Martin, Lantz and Doe.

## IV. Denial of Due Process

Plaintiff alleges he was denied due process in the conduct of

---

[2] In light of the Court's decision to appoint counsel to represent plaintiff in this matter, the Court expresses only a preliminary conclusion, based on the § 1915A screening standard, on whether plaintiff's allegations against Captain Baker, Warden Martin, Commissioner Lantz, District Administrators Strange and Choinski, and Social Worker Supervisor Coleman, are sufficient to establish supervisory liability under § 1983. The Court anticipates plaintiff's counsel, once appointed, will confer with plaintiff and move to amend the complaint as necessary to name supervisors as defendants only when supported with a basis in fact and law.

6

both disciplinary hearings described in the complaint.  Plaintiff alleges Soto conducted the first hearing without plaintiff's advocate being present, did not permit plaintiff to speak during the hearing, and refused to call any of the witnesses plaintiff requested.  Plaintiff alleges he was sanctioned with fifteen days in punitive segregation, fifteen days confined to quarters and thirty days loss of telephone privileges.  Plaintiff alleges Soto did not inform plaintiff of all the sanctions during the hearing.

Plaintiff alleges Sterling failed to apply a certain administrative directive to plaintiff's charged conduct during the second hearing.  The administrative directive allegedly provides that mentally ill inmates may not receive disciplinary reports unless a mental health professional first determines the conduct was not a result of the inmate's mental illness.  Plaintiff was sanctioned with fifteen days confined to quarters.  Plaintiff's allegations are sufficient to state a claim for denial of procedural due process under the Fourteenth Amendment against Soto, Sterling, Strange, Choinski, Martin and Lantz.

V.    Retaliation

Plaintiff alleges Soto's denial of plaintiff's due process rights during the first disciplinary hearing and Strange's affirming Soto's findings on appeal were in retaliation for plaintiff's complaints of sexual assault.  Plaintiff further alleges Cyr and Coleman denied plaintiff mental health care in

7

retaliation for the same complaints. Plaintiff's allegations are sufficient to state a claim for retaliation in violation of the First Amendment against Soto, Strange, Cyr and Coleman.[3]

VI. Deliberate Indifference to Serious Mental Health Needs

Plaintiff alleges being made to wait for approximately two weeks before receiving any response to his request for mental health care. Cyr allegedly failed to provide adequate mental health care to treat plaintiff's serious mental health needs. These allegations are sufficient to state a claim for deliberate indifference in violation of the Eighth Amendment against Cyr and Coleman.[4]

APPOINTMENT OF COUNSEL

Plaintiff requested appointment of counsel during the videoconference. The Court will attempt to appoint counsel to represent him in this case.

---

[3] In light of the Court's decision to appoint counsel to represent plaintiff in this matter, the Court expresses only a preliminary conclusion, based on the § 1915A screening standard, on whether plaintiff could prove sufficient facts upon which to infer a retaliatory motive for District Administrator Strange's decision to affirm Soto's findings, or for Social Worker Cyr's alleged denial of mental health care, which occurred at a different facility than where the alleged sexual assault occurred. The Court anticipates that plaintiff's counsel, once appointed, will confer with plaintiff and move to amend the complaint as necessary to allege retaliation only when supported with a basis in fact and law.

[4] See supra note 2.

## CONCLUSION

Pursuant to its review under 28 U.S.C. § 1915A, the Court concludes that plaintiff states the following cognizable federal claims. Plaintiff's claims for money damages are cognizable against defendants in their individual capacities only. However, plaintiff's claims for declaratory and injunctive relief are cognizable against defendants in their official capacities.

1. Excessive force in violation of the Eighth Amendment against Correctional Officer Jinks, Captain Baker, Warden Martin and Commissioner Lantz.

2. Violation of the right to bodily privacy under the Fourth Amendment against Commissioner Lantz.

3. Intentional discrimination in violation of the Fourteenth Amendment against Trooper Doe, Captain Baker, Warden Martin and Commissioner Lantz.

4. Denial of due process in violation of the Fourteenth Amendment against Lieutenants Soto and Sterling, District Administrators Strange and Choinski, Warden Martin, and Commissioner Lantz.

5. Retaliation in violation of the First Amendment against Lieutenant Soto, District Administrator Strange, Social Worker Cyr and Social Worker Supervisor Coleman.

6. Deliberate indifference to serious medical needs in violation of the Eighth Amendment against Social Worker Cyr and

Social Worker Supervisor Coleman.

ORDERS

In accordance with the foregoing analysis, the Court enters the following orders:

(1) This case will proceed solely on the cognizable claims and against the defendants listed above. No other claim or defendant will be included in the case, except on a motion to amend filed in compliance with Federal Rule of Civil Procedure 15.

(2) The Pro Se Office will mail waiver of service of process request packets to all defendants, within five business days of this Order, and report to the Court on the status of those waiver requests on the thirty-fifth (35) day after mailing. If any defendant fails to return the waiver request, the Pro Se Office will make arrangements for in-person service by the U.S. Marshals Service and defendants shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3) The U.S. Marshals Service will serve a copy of the Complaint and this Order on all defendants in their official capacities by delivering the necessary documents in person, or by certified mail, to the Attorney General's office in Hartford, within five business days of this order.

(4) The Pro Se Office shall send a courtesy copy of the Complaint and this Ruling and Order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

(5) The Pro Se Office will send written notice to plaintiff of the status of this action, along with a copy of this Order, an interrogatories form to discover the identity of Trooper John Doe, and a form to amend the complaint.

(6) Defendants will file an answer within 60 days of receiving service of process. The answer will admit or deny the allegations relevant to the cognizable claims recited above and may also include any additional defenses permitted by the Federal Rules.

(7) Plaintiff will serve, by certified mail within 20 days of this Order, interrogatories on defendants Baker and Martin in order to identify the name and address of Trooper John Doe. Plaintiff will use the forms provided and include as much information as possible about Trooper Doe. Once informed of Trooper Doe's name and address, plaintiff will amend the complaint to include that name and address. If any defendant's answer is filed before the Court receives the amended complaint, this Order will be deemed sufficient cause for amendment under Federal Rule of Civil Procedure 15.

So ordered this 25th day of May 2007.

/s/
Robert N. Chatigny
United States District Judge